IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TYLER SWAIN, | Case No. 6:25-cv-02142-AP |
| Plaintiff, | **ORDER** |
| v. | |
| AMERICAN HONDA MOTOR CO., | |
| Defendant. | |

POTTER, United States Magistrate Judge:

This ORDER memorializes in writing the Court's direction as to the parameters of the protective order following the parties' February 2, 2026, conference.

## BACKGROUND

Pro se Plaintiff, Tyler Swain, filed suit against Defendant, American Honda Motor Co. (AHM), in Marion County in November 2025. Defendant timely removed to federal court in November 2025.

Since the outset of this litigation, the parties have required the Court's intervention in numerous pre-litigation matters, including discovery disputes, allegations of threatening behavior, harassment, and improper conduct towards nonparties to the litigation. The Court held a Rule 16 conference on December 10, 2025, to clarify discovery timelines and general discovery procedural requirements. On December 18, 2025, the Court was notified of ongoing discovery disputes, and the parties were ordered to confer, and to schedule a hearing if unable to resolve the disputes. On January 15, 2026, Defendant filed a motion for a protective order, ECF

PAGE 1 – OPINION AND ORDER

No. 24, which the Court granted following a hearing held on January 16, 2026. ECF No. 26. The protective order specifically precluded Plaintiff from: (1) engaging in any direct contact with AHM, including its employees; (2) any further online harassment and social media posting about this litigation especially "doxxing" or naming individual employees of AHM or Honda dealerships; and (3) audio or video recording AHM and dealership employees/representatives without the person's express consent. Motion for Protective Order (Protective Order) 5-6, ECF No. 24. On January 26, 2026, nonparty Lithia Motors, Inc. (Lithia), filed a motion to recover attorneys' fees and costs based on "improper subpoenas and related harassment" actions taken by Plaintiff. ECF No. 29. On February 2, 2026, the Court held another hearing on the motion for attorneys' fees, as well as allegations of further violations by Plaintiff of the protective order. At that hearing, the Court again clarified for the parties what actions the protective order did and did not cover. This order memorializes the directions coming out of that hearing.

## DISCUSSION

### A. Court Rules

At the outset, it is important to note that "courts have inherent power to control their dockets. *Murphy v. Wilhelm*, No. 3:19-CV-01733-AC, 2021 WL 799307, at *2 (D. Or. Mar. 2, 2021). And failure to follow the rules set by the court can result in sanctions including dismissal. Fed. R. Civ. P. 41(b). Among the things the Court can do as part of its inherent power is sanction "extrajudicial communications intended to harass or intimidate opposing parties, their counsel, or the Court." *Fredin v. Middlecamp*, No. 17-CV-03058 (SRN/HB), 2020 WL 6867424, at *5 (D. Minn. Nov. 23, 2020), *aff'd*, 855 F. App'x 314 (8th Cir. 2021) (citing cases).

**B. Protective Order and Prohibited Behavior**

The protective order granted by this Court on January 16, 2026, specifically prohibits Plaintiff from: (1) engaging in any direct contact with AHM, including its employees; (2) any further online harassment and social media posting about this litigation – and especially "doxxing" or naming individual employees of AHM or Honda dealerships; and (3) audio or video recording AHM and dealership employees/representatives without the person's express consent. Protective Order 5-6. Protective orders of this nature are unusual in run-of-the-mill automobile-warranty litigation and are normally unnecessary to move litigation forward. However, the Court found such measures to be necessary in this case because Plaintiff's actions demonstrated a disregard for certain privacy rights of others, including posting names, photos, addresses and contact information of nonparty employees from independent dealerships, as well as a disregard for the orderly and efficient proceeding of this case by reaching out directly to represented parties through social media posts.

In cases where a party chooses to litigate in the courts of law and equity, while simultaneously attempting to litigate in the court of public opinion, there is necessarily tension between fundamental constitutional rights of all parties, including the right to free expression and the right to privacy. In considering these rights, a court must also consider how best to move a case forward.

**1. Social Media Posts**

Plaintiff is not prohibited from stating the name of individual dealerships in social media posts, as such a prohibition is at odds with First Amendment protections. However, as discussed at both the January and February hearings, any attempt to directly communicate with any party

that has representation—including through the use of hashtags or links—is prohibited. So, too, are posts that are intended to harass or intimidate opposing parties or their counsel.

In addition, Plaintiff may not record by photo, audio, or video any employees or representatives of AHM or Honda dealerships without the party's express permission. Nor may Plaintiff post third-party videos sent to him containing such people. Plaintiff and Defendant are engaged in active litigation, and while Plaintiff is not responsible for the actions of third-parties, reposting recordings from a third-party will not insulate Plaintiff from potential violations of the protective order, as well as state and federal ethics rules.

Plaintiff may not publish the names or photos of individual AHM or represented dealership employees. This litigation is ongoing and is still in the discovery phase. As such, publishing names and/or photos of individual employees may impede the efficient progress of the litigation and runs the risk of prejudicing potential witnesses, Defendant, and nonparties. Moreover, such conduct may be construed as an attempt to directly contact a party who has an attorney representative and may result in dismissal of this case.

**2. Duty to Confer**

The parties to this litigation must certify that they have made a good faith effort to confer prior to bringing any motions, per Local Rule 7-1. And, as discussed in the January and February hearings, if any party believes a social media post is out of line with the protective order, that party should first attempt to confer with Plaintiff, and provide him an opportunity to cure the offensive conduct. The Court will not intervene until the parties have first attempted to confer and found they cannot reach an agreement.

**C. Nonparty Lithia's Motion for Attorneys' Fees**

On January 26, Lithia filed a motion for attorneys' fees and costs amounting to $5,769.00, based on improper subpoenas and improper service of subpoena. ECF No. 29. On February 25, 2026, Lithia requested leave via email to file a supplemental brief and/or declaration in support of their pending motion for attorneys' fees, based on purported violations of the protective order. Lithia's request cites untimely, over-burdensome, and, at times, disruptive discovery requests.

It is generally accepted practice that party-witnesses will bear their own discovery costs. *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982). However, the "rationale for the general rule is inapplicable where the discovery demands are made on nonparties." *Id*. "Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *Id*. Moreover, Rule 45(d)(1) charges parties to litigation with the duty to avoid imposing undue burden or expense on a person subject to a subpoena. And, a Court must enforce this duty and impose an appropriate sanction, including reasonable attorneys' fees, on any party who fails to comply. Fed. R. Civ. P. 45(d)(1).

Here, there is certainly an argument that Plaintiff's actions have been overly burdensome on Lithia. Plaintiff sought to enforce subpoenas that were stayed pending a Rule 16 conference, including a site inspection of a Lithia dealership with only three days' notice, which Lithia was forced to seek the Court's intervention to prevent. Amended Mot. for Attorney Fees and Costs, ¶¶ 12-14, ECF No. 29. Plaintiff interrupted Lithia's business operations to film service of subpoenas on the service manager. Decl. of Chase Petersen (Petersen Decl.), ¶ 6. Plaintiff served Lithia with a "Pre-litigation demand" for $50,000 and threatened to file suit against Lithia if

payment was not made within ten business days. Petersen Decl. Ex. 2. Lithia's service manager attested to experiencing "undue stress" due to Plaintiff's disruptive tactics. Petersen Decl. ¶ 13.

The Court is mindful of the fact that Plaintiff is pro se and may not be well versed with the expectations of the courts. However, lack of experience aside, Plaintiff has shown he can understand the rules of the courts and is capable of vigorously prosecuting his case. Moreover, Plaintiff's lack of experience does not make up for his behavior towards Lithia, who, to date, has not been named as a party to this lawsuit. The Court has agreed to consider a renewed motion for sanctions from Lithia. Plaintiff has requested a hearing regarding any such motion, which the Court will schedule upon receipt of Lithia's renewed motion.

## CONCLUSION

The parties shall proceed under the protective order as outlined above. Nonparty Lithia may file a renewed motion for attorneys' fees and costs. Any party or nonparty must certify that they made a good faith effort to confer and resolve any dispute prior to bringing any motions, per Local Rule 7-1.

DATED this 9th day of March, 2026.

       /s/Amy E. Potter
       AMY E. POTTER
       United States Magistrate Judge