**Stephen P. Yoshida**, OSB No. 044588
syoshida@mblglaw.com
**Johnathon K. Carter**, OSB No. 223670
jcarter@mblglaw.com
MARTIN BISCHOFF LLP
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: (503) 914-2015
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

TYLER SWAIN,

Plaintiff,

v.

AMERICAN HONDA MOTOR CO., INC.,

Defendant.

Case No. 6:25-cv-02142-AP

**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S RESPONSE TO PLAINTIFF'S LIST OF OUTSTANDING DISCOVERY ISSUES**

Pursuant to the Court's Order (ECF 53), Defendant American Honda Motor Co., Inc. ("AHM") hereby responds to Plaintiff's List of Outstanding Discovery Materials.

## I. PRELIMINARY STATEMENT

Plaintiff is the owner of a 2024 Honda Ridgeline. He claims the vehicle is a defective "Lemon," despite getting enormous use out of the vehicle during his first one year and eight months of ownership. AHM does not know the vehicle's current mileage. However, the

vehicle's mileage as of January 2026 was nearly 41,000 (translating to an average of approximately 33,000 miles driven per year).

Plaintiff alleges that the vehicle is defective because there have been intermittent check engine lights and the vehicle has allegedly gone into "limp mode" on one or more occasions. The repair records from independent authorized dealerships note signs of "outside influence." In particular, the repair records state that *someone* took things apart within the engine compartment and did not put them back where they were supposed to be. This is particularly suspicious given that Plaintiff touts himself as a Honda and Acura mechanic[1] and he readily admits to using his own diagnostic tool to clear fault codes from the vehicle's onboard diagnostic system, thereby impeding efforts by independent authorized dealerships to accurately diagnose the cause of Plaintiff's vehicle complaints.

Plaintiff has alleged claims against AHM under the Oregon Lemon Law (ORS 646A.400, *et seq.*) and federal Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. § 2301, *et seq.*). Under both the Oregon Lemon Law and MMWA, Plaintiff must prove that AHM breached the New Vehicle Limited Warranty applicable to his 2024 Honda Ridgeline. The Oregon Lemon Law also specifically requires proof that the vehicle suffers from a substantial impairment as to use, value, or safety. ORS 646A.404(1). AHM's knowledge and intent are not elements of Plaintiff's warranty-based claims for relief.

Plaintiff has various complaints and conspiracy theories about how AHM and its independent authorized dealers have evaluated his <u>legal claims and settlement demands</u>, and how they have responded to his <u>conduct during the course of this litigation</u>. However, none of this is relevant to his underlying claims for relief, which concern only: (1) the condition of the vehicle; (2) the cause(s) of any alleged conditions impacting the vehicle; and (3) the terms of the applicable New Vehicle Limited Warranty. Thus, for example, the reason(s) why AHM did or

[1] Plaintiff claimed during the recent hearing on AHM's and non-party Lithia's Motion for Sanctions that he was being harmed based on the Court's Order prohibiting him from hash-tagging Honda or Acura.



MARTIN BISCHOFF, LLP
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015

did not offer to repurchase Plaintiff's vehicle in response to his settlement demands is not relevant, is not likely to lead to the discovery of admissible evidence and is protected from disclosure by the attorney-client privilege and/or work product doctrine. And yet, this appears to be the primary focus of Plaintiff's ongoing discovery efforts. He wants to know why AHM did not offer to repurchase his vehicle. He wrongfully believes the "why" is independently relevant and/or actionable.

To date, Plaintiff has issued four sets of written discovery requests to AHM. Many of the requests are facially invalid in that they directly request AHM's legal/settlement evaluation of Plaintiff's Lemon Law request for a vehicle repurchase. Still other requests appear to be premised on Plaintiff's mistaken belief that AHM has a trove of documents concerning Plaintiff or his vehicle that simply do not exist. While it is true that Plaintiff's outrageous conduct during the course of this litigation has garnered him a great deal of attention from AHM, AHM's documentation regarding the actual warranty services and repairs to Plaintiff's vehicle is quite limited. As set forth below, AHM has produced the relevant documents to Plaintiff.

## II. RESPONSE TO PLAINTIFF'S LIST OF DOCUMENTS

### A. REPAIR ORDERS

Plaintiff alleges that AHM has failed to produce alternative versions of dealership repair orders. As a starting point, it is unclear why Plaintiff believes alternative versions of repair orders are relevant, or how they will help him prove his case. The repair orders include the location of service, date of service, mileage, narrative of customer concern, narrative of repairs performed by the independent authorized dealership, and line items for the cost of repairs (including whether the repair was covered under warranty). Exactly how an "audit copy" of the repair order would make any difference is unclear. That said, AHM suspects that Plaintiff is seeking alternative versions of the repair orders as part of an effort to investigate alleged "fraud" or "alteration" of the dealership's repair records. Practically speaking, this makes absolutely no sense. A dealership has no incentive to "alter" its repair orders.



MARTIN BISCHOFF, LLP
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015

However, and more importantly for the purposes of responding to Plaintiff's demand that AHM produce "Warranty and Audit versions" of the dealership repair orders, AHM does not have possession, custody, or control over any repair order documents that other than those which it has already produced. Plaintiff falsely claims, with no basis, that "Warranty and Audit versions [of dealership repair orders] are transmitted to AHM in the ordinary course." This is untrue. The independent authorized dealerships transmit limited information about warranty services to AHM for the purpose of seeking reimbursement. Dealerships do not send hard copies of the dealership's repair orders to AHM in the ordinary course of business. AHM's warranty information is reflected in the confidential warranty claim documentation that has been produced to Plaintiff under the Stipulated Protective Order. AHM has produced versions of the repair orders within its possession, custody and control. AHM has no additional responsive documents.

Accordingly, AHM has complied with its obligations under Fed. R. Civ. P. 34 (responding party must produce documents within its possession, custody, or control); *see also*, *4WEB, Inc. v. NuVasive, Inc.*, Case No.: 24-cv-1021-JLS-MMP, 2025 WL 2495243, at *1 (S.D. Cal. Aug. 28, 2025) (stating the general rule that a party is required to produce documents as they are kept in the ordinary course of business).

**B. COPY OF SIGNED ARBITRATION AGREEEMNT**

Plaintiff demands that AHM produce a copy of the "signed arbitration agreement between AHM and Plaintiff." AHM has not produced a signed arbitration agreement because no such document exists.

AHM produced the Owner's Manual, Navigation Manual, Consumer Information Booklet, and Warranty Booklet. The Warranty Booklet and Consumer Information Booklet include information regarding AHM's participation in arbitration through the National Center for Dispute Settlement ("NCDS").



MARTIN BISCHOFF, LLP
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015

**C. ENGINEERING REQUEST DOCUMENTATION**

Plaintiff demands that AHM produce "engineering request" documentation relating to the subject vehicle. In particular, Plaintiff demands production of the "ER25070C:Z2800 – 2023-2025 Ridgeline Pedal Sticking" document ("Engineering Request for Pedal Sticking") referenced in a dealership network "VIN inquiry" record.

The Engineering Request for Pedal Sticking is a confidential AHM document which has no relevance whatsoever to the facts or allegations alleged against AHM with respect to the subject vehicle. The Engineering Request at issue relates to a broad class of vehicles (MY 2023 – 2025 Odyssey, Passport, and Ridgeline vehicles). It specifically requests that dealerships monitor and report to AHM consumer complaints involving "brake pedal slow to return or sticking."

Plaintiff does not and has never alleged that the brake pedal on his 2024 Ridgeline was sticking or slow to return to its original position. Accordingly, the subject vehicle has not been identified as meeting the criteria for the Engineering Request for Pedal Sticking.

Given that the Engineering Request for Pedal Sticking has no bearing on the claims or defenses at issue in this lawsuit, and in light of Plaintiff's penchant for publicizing everything that is disclosed, said, or written in this litigation, AHM should not be required to produce the Engineering Request document to Plaintiff. To the extent the Court would like to inquire further, AHM proposes that the Court conduct an in-camera review of the document to determine whether it should be produced to Plaintiff under the Stipulated Protective Order.

**D. TECH LINE REPORTS/NOTES**

Plaintiff demands that AHM produce all Tech Line Reports/Notes. By way of background, Tech Line Reports are sometimes generated by AHM when a dealership contacts AHM with questions related to a particular vehicle. This most often occurs when a dealership interacts with a customer who has made multiple or repeated requests for warranty services.



MARTIN BISCHOFF, LLP
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015

Tech Line Reports may also be generated if the dealership observes or suspects something unusual, such as consumer misuse, abuse, or unauthorized modification.

Tech Line Reports are internal documents that are not made available to the general public. In this case, AHM produced two Tech Line Reports under the Stipulated Protective Order. These are the only two Tech Line Reports that exist.

Plaintiff appears to mistakenly believe that additional Tech Line Reports were created by AHM. It is possible that other dealerships contacted AHM about Plaintiff or his vehicle, but no corresponding Tech Line Reports were created/generated.

**E. ALL COMMUNICATIONS INVOLVING DISTRICT PARTS & SERVICE MANAGER NELSON ARAGON**

Plaintiff demands "all communications" involving AHM District Parts & Service Manager ("DPSM") Nelson Aragon concerning the subject vehicle based on his claim that such communications will establish AHM's "knowledge of the defect, its directions to its dealers, and its handling/evaluation of the buyback request."

The DPSM is basically the liaison between AHM and its independent authorized dealerships. In this case, AHM produced the following confidential documents, which reference the DPSM's limited role with Plaintiff's pre-litigation complaints and demands: (1) Tech Line Reports; and (2) Customer Relations ("CRRS") Reports/Notes. Any (arguably) relevant communications or involvement of the DPSM would be reflected in these documents.

Plaintiff's request that AHM produce "all communications" involving the DPSM is also unnecessary and disproportionate to the needs of this case. AHM does not dispute that Plaintiff has visited multiple dealerships with complaints related to the vehicle. The DPSM does not inspect, diagnose, or repair vehicles. How or why the DPSM's "knowledge" of the undisputed complaints and repair visits (all documented by the dealerships themselves) is relevant or will somehow help Plaintiff prove the elements of his case is unclear.



MARTIN BISCHOFF, LLP
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015

What does appear clear, however, is that Plaintiff wants to fish through the DPSM's communications for the purpose of investigating some purported conspiracy against him to deprive him of access to independent authorized dealerships. No such conspiracy exists. AHM, by and through the DPSM, does not (and cannot) direct independent authorized dealerships on which customers those independent dealerships can or cannot work with. As reflected in the Court records, multiple local dealerships have independently chosen to no longer work with Plaintiff because of Plaintiff's in-person and online harassment of the dealerships and their employees.

### F. "ACCURATE AND COMPLETE" COPIES OF CRRS REPORTS AND WARRANTY HISTORY PRINTOUTS

AHM has produced "accurate and complete" copies of all internal consumer claim and warranty documents related to the subject vehicle. It appears Plaintiff's main complaints about AHM's document production are: (1) limited redactions to the CRRS Reports; and (2) he believes certain communication log entries do not accurately reflect events.

As to redactions, AHM has produced more than it is obligated to under Fed. R. Civ. P. 26 and 34 with respect to internal warranty history and consumer contact documents. For instance, AHM did not redact various CRRS notes related to Plaintiff's settlement demands and contacts between Plaintiff and AHM after Plaintiff threatened legal action and even after he filed his Complaint in October 2025. The limited redactions made by AHM were to remove the names of AHM employees who entered data into the CRRS reports. Considering that the CRRS notes reflect Plaintiff's ongoing pattern of recording people without their consent, and at least one instance where an AHM representative had to end the phone call due to Plaintiff's profane and racist statements, the privacy concerns underlying these redactions are particularly well-founded under the unique circumstances of this case. AHM also redacted the names/instructions from AHM's Legal Department related to the handling of Plaintiff's lawsuit under the work product doctrine. AHM provided Plaintiff with a privilege log explaining these limited redactions.



MARTIN BISCHOFF, LLP
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015

Plaintiff also apparently takes exception to AHM's production because one of the CRRS entries refers to a consumer relations representative attempting to leave Plaintiff a voicemail, but Plaintiff's voicemail was apparently not set up or unable to accept a message. Plaintiff claims the entry is inaccurate. Whether the entry is or is not accurate has no bearing whatsoever on the merits of Plaintiff's claims under either Oregon Lemon Law or the MMWA. Rather, the entry merely reflects AHM's pre-litigation response and communications with respect to Plaintiff's settlement repurchase demands. In sum, the CRRS report says what it says, and there is nothing left for AHM to produce.

**G. AUDIO RECORDINGS**

Finally, Plaintiff demands audio recordings related to his phone calls with AHM based again on his mistaken belief that settlement demands and communications are relevant to this lawsuit. They are not. Whether someone in the consumer relations department said, within the context of a settlement demand, "it looks like your vehicle might qualify for a repurchase" <u>or alternatively</u> "it looks like you have a horrible case," the fact remains that Plaintiff was not offered a vehicle repurchase. Indeed, that is why he filed a lawsuit and why he now bears the burden of proving the essential elements of his claims for relief (none of which involve proving pre-litigation settlement communications with AHM; proving that his voicemail was or was not set up; or the like).

That said, AHM does not have any recordings of any of Plaintiff's phone calls with AHM in its possession, custody, or control.

///

///

///

///

///



MARTIN BISCHOFF, LLP
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: 503-914-2015

## III. CONCLUSION

In sum, and as explained herein, AHM has complied with its discovery obligations in responding to Plaintiff's written discovery requests.

DATED: June 12, 2026.

MARTIN BISCHOFF LLP

*s/ Stephen P. Yoshida*

Stephen P. Yoshida, OSB No. 044588
syoshida@mblglaw.com
Johnathon K. Carter, OSB No. 223670
jcarter@mblglaw.com
620 SW 5th Avenue, Suite 300
Portland, OR 97204
Telephone: (503) 914-2015
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2026, I served the foregoing DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S RESPONSE TO PLAINTIFF'S LIST OF OUTSTANDING DISCOVERY ITEMS on the individual listed below by causing a true copy thereof to be served in the manner specified below:

Tyler Swain
4889 Portland Road, NE
Unit 2
Salem, OR 97305
Email: treachisback@gmail.com
*Pro Se Plaintiff*

☒ By E-mail
☒ E-service via the Court
☐ By Facsimile

MARTIN BISCHOFF, LLP

*s/ Stephen P. Yoshida*
Stephen P. Yoshida, OSB No. 044588
syoshida@mblglaw.com
Johnathon K. Carter, OSB No. 223670
jcarter@mblglaw.com
Attorneys for Defendant